ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID FRISCHKORN, *et al*, ) | |
| ) | CASE NO. 1:06CV0713 |
| Plaintiffs, ) | |
| ) | |
| v. ) | Judge John R. Adams |
| ) | |
| LAKE COUNTY CHRYSLER, INC., *et al*, ) | MEMORANDUM OPINION & ORDER |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court on a Motion to Remand filed by Plaintiffs David Frischkorn, *et al*. Plaintiffs assert that, while their complaint references federal statutes and regulations, they do not seek relief under federal law and, thus, this Court does not have jurisdiction over the matter. Defendant Fifth Third Bank argues that Plaintiffs have not merely referenced federal law but instead seek relief within this Court's original jurisdiction. For the reasons that follow, the Court GRANTS Plaintiffs' Motion to Remand.

**I. Facts & Procedural History**

Plaintiffs filed suit in the Lake County Court of Common Pleas, alleging, *inter alia*, that Defendant Lake County Chrysler, Inc. ("LCC"), engaged in fraud, breached various warranties and violated the Ohio Consumer Sales Practices Act in relation to the sale of a vehicle. Plaintiffs further contend that, as the holder of the promissory note executed between Plaintiffs and LCC, Defendant Fifth Third Bank is derivatively liable for LCC's damages. Fifth Third Bank filed a Notice of Removal, arguing that Plaintiffs seek relief under federal law.

In support of its argument that this Court has jurisdiction over the matter, Fifth Third Bank points to paragraphs 46 and 48 of Plaintiffs' complaint, which state that LCC "failed to provide a properly filled out Buyer's Guide in compliance with 16 C.F.R. 455" and "committed unfair, deceptive, and unconscionable acts and practices in violation of the Ohio Consumer Sales

Practices Act and other state and federal laws[.]" Fifth Third Bank also argues that federal jurisdiction existed because a determination of Plaintiffs' claim for derivative liability "necessarily requires an interpretation of the federal so-called 'FTC Anti-Holder Rule,' which is contained in 16 C.F.R. § 433.2."[1] Plaintiffs assert that they seek relief solely under state law -- and that any reference to federal law was merely to establish additional evidence of the defendants' alleged conduct or to provide the standards by which the defendants' conduct should be judged.

## II. Law & Analysis

It is well-settled law that the removing party bears the burden of clearly establishing that federal jurisdiction exists. *N.A.A.C.P.-Special Contribution Fund v. Jones*, 732 F.Supp. 791, 793-94 (N.D. Ohio 1990) (citing *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178 (1936)). Meeting this burden can be difficult, as any ambiguities regarding removal "should be resolved in favor of remand to the state courts." *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

The Court finds that Fifth Third Bank has not met its burden of clearly establishing federal jurisdiction because, at most, Fifth Third Bank has pointed to an ambiguity contained in Plaintiffs' complaint. While Plaintiffs' complaint does contain references to 16 C.F.R. § 455 and "federal laws," it is clear that Plaintiffs base their claims for relief on state law. Plaintiffs allege LLC and Fifth Third Bank breached various warranties in violation of Ohio Rev. Code §§ 1302.26 and 1302.28; negligently misrepresented material facts; violated the Ohio Consumer Sales Practices Act; committed fraud; destroyed or misplaced evidence in violation of Ohio

---

[1] *See Def.'s Brief in Opposition to Plaintiffs' Motion to Remand*, ECF Doc. #20 (July 5, 2005), at 5. As noted by Fifth Third Bank, § 433.2 requires that consumer contracts contain a notice that the holder of the consumer-credit contract will be derivatively liable for damages caused by the seller.

2

Admin. Code § 4501:1-3-04; and engaged in conspiracy.[2] All of these claims are rooted in state law and do not give rise to federal jurisdiction.

Further, inasmuch as Plaintiffs referred to federal law, it is clear they did so only as further evidence of the defendants' alleged conduct. In asserting their claim that the defendants violated the Ohio Consumer Sales Practices Act, Plaintiffs stated that LLC did not provide a "Buyer's Guide" that complied with 16 C.F.R. § 455. It appears to this Court that Plaintiffs' purpose in referencing § 455 was to provide the standard of care or conduct LLC allegedly failed to meet in providing the buyer's guide. Indicative of Plaintiffs' motives in referencing § 455 is the fact that Plaintiffs seek relief for the alleged failure to provide the completed buyer's guide under the Ohio Consumer Sales Practices Act, codified at Ohio Rev. Code § 1345.02, *et seq*, and not under federal law.[3] As Plaintiffs note, federal courts have held that a complaint's fleeting reference to federal law -- either to provide the applicable standard of care or additional evidence of a state-law violation -- does not create a federal question. *See Hinton v. Landmark Dodge, Inc.*, 2006 U.S. Dist. LEXIS 10453, \*3-\*5 (W.D. Mo. 2006) (mere reference to Magnuson-Moss Warranty Act does not create federal question); *Greene v. General Motors Corp.*, 261 F.Supp.2d 414, 418 (W.D.N.C. 2003) (same); *Kravitz v. Homeowners Warranty Corp.*, 542 F.Supp. 317, 319 (E.D. Pa. 1982) (same). While not controlling, the cases cited by Plaintiffs are persuasive.

Moreover, Fifth Third Bank has not established that federal jurisdiction exists by virtue of the FTC Anti-Holder Rule. Fifth Third fails to cite any law in support of its argument and instead relies on conclusory statements that the resolution of Plaintiffs' derivative-liability

---

[2] *See Plf.'s Complaint*, ECF Doc. #1-Ex. A (March 29, 2006), ¶¶ 30-191.

[3] *See Plf.'s Complaint*, ECF Doc. #1 (March 29, 2006), ¶¶ 45-52.

claims "could establish a rule applicable to numerous federal FTC Anti-Holder Rules cases."[4] Further, not only are state courts fully capable of interpreting the clear, unambiguous language of the notice required by FTC Anti-Holder Rule, this Court is mindful that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986). As a result, the Court finds that federal jurisdiction does not exist merely because Plaintiffs' derivative-liability claims depend on the notice required by the FTC Anti-Holder Rule.

Finally, the Court declines to award attorneys' fees against Fifth Third. This Court may award attorneys' fees under 28 U.S.C. § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, __ U.S. __, 126 S. Ct. 704, 711 (2005). While Fifth Third Bank has failed to clearly establish that federal jurisdiction exists, Fifth Third had an objectively reasonable basis for removing the action based on the wording of Plaintiffs' complaint. As a result, Plaintiffs' request for attorneys' fees must be denied.

### III. Conclusion

Based on the above, the Court finds that Fifth Third Bank has failed to clearly establish federal jurisdiction exists and hereby GRANTS Plaintiffs' Motion to Remand the action to the Lake County Court of Common Pleas.

IT IS SO ORDERED.

| | |
|---|---|
| October 13, 2006 | */s/ John R. Adams* |
| Date | John R. Adams |
| | District Judge |

---

[4] *See Def.'s Brief in Opposition to Plaintiffs' Motion to Remand*, ECF Doc. #20 (July 5, 2006), at 6.